UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>GREAT DRAGON, Inc., a corporation dba King Buffet; SUPER CHINA BUFFET, Inc. a corporation; XIU LAN CHEN, individually, and YUN CHENG ZHENG, individually<br><br>Defendants. | No.<br><br>**COMPLAINT – Labor** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq.*) (the "Act") to enjoin Defendants from violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act. Plaintiff also and separately brings this action: (1) pursuant to Section 16(c) of the Act, for the recovery of a Judgment against Defendants for unpaid minimum wage and overtime compensation due Defendants' employees and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due; and (2)

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

pursuant to Section 17 of the Act, for the recovery of a Judgment restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees.

I

Sections 16(c) and 17 of the Act, and 28 U.S.C. §§ 1331 and 1345 confer jurisdiction of this action upon the Court.

II

A. Defendant GREAT DRAGON, Inc is a Washington corporation dba King Buffet with its principal place of business located at 5303 Evergreen Way, Everett, WA, 98203 within the jurisdiction of this court, where it is engaged in the restaurant business. Defendant GREAT DRAGON operates two restaurants under the trade name King Buffet.

B. Defendant SUPER CHINA BUFFET, Inc is a Washington corporation dba Super China Buffet with its principal place of business located at 15323 Westminster Way N., Shoreline WA 98133 within the jurisdiction of this court, where it is engaged in the restaurant business.

C. Defendant YUN CHENG ZHENG was, at all relevant times, president of Defendant GREAT DRAGON, Inc., an owner of both corporate defendants, and was involved in day-to-day operations of all three restaurants.

D. At all times relevant to this Complaint, Defendant Yun Cheng Zheng was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. §203(d), in that he is a person acting directly or indirectly in the interest of Defendants (employers) in relation to their employees listed on Exhibit A.

E. Defendant XIU LAN CHEN was, at all relevant times, president of Defendant SUPER CHINA BUFFET, Inc., and was involved in day-to-day operations of all three restaurants.

F. At all times relevant to this Complaint, Defendant Xiu Lan Chen was an employer within the meaning of the Fair Labor Standards Act as set forth at 29 U.S.C. §203(d), in that she

GREAT DRAGON COMPLAINT – Page 2 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

is a person acting directly or indirectly in the interest of Defendants (employers) in relation to their employees listed on Exhibit A.

### III

At all times relevant to this Complaint, Defendants employed employees in and about their place of business in ordering, receiving, preparing, storing, handling, and/or selling goods and materials which have been transported, shipped, or delivered from points outside the State of Washington; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Washington; and in using the facilities of commerce. Said employees, by reason of the above activities, were engaged in commerce within the meaning of the Act.

### IV

At all times relevant to this Complaint, the activities of Defendants referred to above were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act.

### V

At all times relevant to this Complaint, said enterprise had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, building or otherwise working on goods or materials that have been moved in or produced for commerce, as aforesaid. Said enterprise at all times relevant to this Complaint has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level stated separately). By reason thereof, said enterprise at all times relevant to this Complaint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(a) of the Act.

### VI

Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in

GREAT DRAGON COMPLAINT – Page 3 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours since November 15, 2005 without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

VII

Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage.

VIII

Defendants violated the provisions of sections 11 and 15(a)(5) of the Act (29 U.S.C. §§ 211 and 215(a)(5)) by failing to make, keep, and preserve records of the persons employed by Defendants, and of the wages, hours, and other conditions and practices of employment maintained by Defendants, as required by the Act.

IX

Defendants violated the monetary provisions of the Act as alleged in paragraphs VI and VII above, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation, lost wages, and an equal amount in liquidated damages under Section 16(c) of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act; and

(2) For an Order:

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

Case 2:09-cv-01737-RSL    Document 1    Filed 12/07/2009    Page 5 of 6

(a) pursuant to Section 16(c) of the Act finding Defendants jointly and severally liable for unpaid minimum wage and overtime compensation found by the Court to be due Defendants' employees, and liquidated damages equal in amount to the unpaid compensation found due Defendants' employees, named in the attached Exhibit "A" and to employees as yet unknown to the Secretary or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(b) pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid minimum wage and overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(3) For an Order granting such other and further relief as may be necessary and appropriate.

- - - -
- - - -
- - - -
- - - -

GREAT DRAGON COMPLAINT – Page 5 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940

DATED this 7th day of December 2009.

                    Deborah Greenfield
                    Acting Deputy Solicitor

                    Lawrence Brewster
                    Regional Solicitor

                    Bruce L. Brown
                    Associate Regional Solicitor

                    Matthew Vadnal
                    Trial Attorney

                    ___/s Matthew L. Vadnal_____
                    By: Matthew L. Vadnal
                    WSBA 9437
                    U.S. DEPARTMENT OF LABOR
                    Counsel for Plaintiff,
                    1111 Third Ave., Suite 945
                    Seattle, WA 98101
                    Tel: (206) 553-0940; Fax: (206) 553-2768
                    E-mails: brown.bruce.l@dol.gov
                              vadnal.matthew@dol.gov

GREAT DRAGON COMPLAINT – Page 6 of 6

Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue, Suite 945
Seattle, Washington 98101
(206) 553-0940